<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EXTERNETWORKS, INC., <br> *Plaintiff*, <br><br> v. <br><br> THINK ANEW, INC., <br> *Defendant.* | Civil Action No. 20-3334 <br><br> <u>OPINION</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This action arises out of Defendant's alleged breach of a Master Services Agreement ("MSA") entered into by the parties. Currently pending is Defendant's motion to dismiss Plaintiff's Complaint ("Compl.") for lack of personal jurisdiction, or in the alternative, to dismiss, transfer, or stay the case for improper venue. D.E. 7. The Court reviewed the parties' submissions[1] in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

    **I.    BACKGROUND**

Plaintiff Externetworks, Inc. ("Externetworks") is a New Jersey corporation. Compl. ¶ 1. Defendant Think Anew, Inc. ("Think Anew") is a Mississippi corporation. *Id.* ¶ 2. Defendant was retained to perform a project, and subsequently had discussions with Plaintiff about retaining

---

[1] Defendant's motion to dismiss, D.E. 7 ("Br."); Plaintiff's opposition, D.E. 10 ("Opp."); and Defendant's reply in further support of their motion to dismiss, D.E. 18 ("Reply").

Plaintiff to assist with the project. Br. at 2-3. In October 2019, Plaintiff and Defendant entered into a Business Associate Agreement, Confidentiality and Non-Disclosure Agreement, and Covenant Not to Complete as part of their discussions regarding Plaintiff's potential provision of services. *Id.* at 3. Each of the agreements included a choice-of-law and choice-of-forum provision mandating that all disputes between Externetworks and Think Anew arising from the agreements be brought exclusively in Mississippi state or federal court. *Id.*; D.E. 7-4 at 10, 12, 22.

On November 18, 2019, Plaintiff and Defendant entered into the MSA, pursuant to which Plaintiff agreed to provide services and personnel to Defendant in connection with the project. Compl. ¶ 1; Br. at 5. The MSA contains a clause (the "Forum Selection Clause"), which provides as follows:

> The MSA is to be governed by and construed in accordance with the laws of the State of New Jersey. Jurisdiction and venue for any action arising under this MSA is exclusively in the state or federal courts located in Middlesex County, New Jersey. The parties waive any other choice of venue.

Compl. ¶ 3. The MSA also contains a clause (the "Merger Clause") which provides as follows:

> The MSA and the Service Attachments set forth the entire understanding of the parties with respect to the subject matter hereof and is binding upon both parties in accordance with its terms. There are no understandings, representations or agreements other than those set forth herein and in the Service Attachments. Each party, along with its respective legal counsel, has had the opportunity to review and modify this MSA. Accordingly, in the event of any ambiguity, such ambiguity will not be construed in favor of, or against either party.

*Id.*

Plaintiff alleges that it provided the services as required under the MSA. *Id.* ¶ 4. Plaintiff further alleges that Defendant breached the MSA and owes Plaintiff money due for the services provided under the MSA. *Id.* ¶ 5. On February 20, 2020, Plaintiff's counsel sent Defendant a

demand letter stating that Defendant owed $178,675.00 and "[u]nless payment is received within five (5) days from the date hereof, *ExterNetworks will proceed with the filing of a lawsuit in New Jersey* to collect the monies due and owing to it, including attorneys' fees, interest, and other expenses." Opp. at 4; D.E. 10-8 at 3 (emphasis in original). On February 24, 2020, one day prior to the deadline set forth in the demand letter, Think Anew filed suit in Mississippi state court. Br. at 6; D.E. 7-5. The Mississippi suit has since been removed to federal court in the Southern District of Mississippi. Br. at 6; D.E. 7-7.

On February 25, 2020, Plaintiff filed the present action in the Superior Court of New Jersey, Middlesex County. D.E. 1. On March 27, 2020, Defendant removed the action to federal court. *Id.* Plaintiff's Complaint states counts for breach of contract, *quantum meruit*, failure to pay a book account balance, and breach of the duty of good faith and fair dealing. *Id.* at 5-6. The current motion followed.

## II.     STANDARD OF REVIEW

In a motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Initially, a court "take[s] the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). However, once a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.*; *see also Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 462 (D.N.J. 2015) (citing *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Yet, in reviewing the evidence, a court must "accept

all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992); *see also Metcalfe v. Renaissance Marine, Inc*. 566 F.3d 324, 330 (3d Cir. 2009) ("[I]t is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed factors in favor of the plaintiff") (internal quotation marks omitted). Therefore, in determining whether personal jurisdiction exists, the Court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff.

Defendant argues in the alternative that the case should be dismissed, transferred, or stayed based on improper venue, pursuant to Fed. R. Civ. P. 12(b)(3). D.E. 7 at 1. Federal Rule of Civil Procedure 12(b)(3) permits a motion to dismiss for improper venue. The "defendant[s]…bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). When deciding a motion for improper venue, the Court "accepts the plaintiffs['] well-pled allegations regarding venue as true, . . . draws all reasonable inferences from those allegations in the plaintiffs['] favor, and . . . resolves any factual conflicts in the plaintiffs['] favor[.]" *Shah v. Centurum, Inc.*, Civ. No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (quoting *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003)) (internal quotation marks omitted). But "[a] court need not accept the plaintiff's well-pled factual allegations when they are contradicted by the defendant's affidavits." *Id.* (citing *AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842 (N.D. Ill. 2006)). A court can go beyond the pleadings and "examine facts outside the complaint to determine whether its venue is proper." *Id.* (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1352, at 324 (3d ed. 2004)) (internal quotation marks omitted).

### III. ANALYSIS

#### A. Personal Jurisdiction

"Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause." *Coyle v. Mathai*, Civ. Action No. 11-5185, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)). "[A] contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). Further, "[a] forum selection clause will be invalidated only if it was the product of fraud or overreaching, if the agreed forum is so inconvenient as to deprive the litigant of his day in court, or where enforcement would contravene a strong public policy of the forum in which the suit is brought." *Id.* (citing *Zapata*, 407 U.S. at 10, 18).

Here, the MSA explicitly provides that "[j]urisdiction and venue for any action arising under [the] MSA is exclusively in the state or federal courts located in Middlesex County, New Jersey. The parties waive any other choice of venue." Compl. ¶ 3. Plaintiff contends that "the language makes clear" that Defendant consented to jurisdiction in New Jersey. Opp. at 6-7. Defendant counters that personal jurisdiction is distinct from venue, and though the parties waived objections to venue in New Jersey, "notably absent is any indication that the parties intended to waive objections to personal jurisdiction." Reply at 1-2.

The Court finds Defendant's argument unpersuasive. The MSA clearly states that "*[j]urisdiction and venue*…is exclusively in the state or federal courts" of New Jersey. Compl. ¶ 3 (emphasis added). Thus, the clause expressly refers to both jurisdiction and venue. *See Rossville*

*Salvage Corp. v. S. E. Graham Co.*, 319 F.2d 391, 395 (3d Cir. 1963) ("An interpretation which gives effect and meaning to a term is to be preferred over one which makes such term mere surplusage or without effect."); *Hunter Douglas Ne., Inc. v. Acme Window Coverings, Ltd.*, Civ. No. 08-4145, 2009 WL 10728642, at *4 (D.N.J. Mar. 24, 2009) (rejecting interpretation of a contract that "violates a basic principle of contract interpretation which is that all words in a contract must be given effect, if possible").

Further, even if the Court accepts Defendant's argument that the MSA waives objections to venue only, consenting to a New Jersey forum evidences consent to personal jurisdiction in New Jersey as "[a]ny other interpretation would render the [forum selection] clause senseless because no litigation could proceed without a court having personal jurisdiction over the parties." *Magnesium.com v. CVM Mins. Ltd.*, Civ. Action No. 12-1299, 2013 WL 12303395, at *3 (D.N.J. Feb. 8, 2013) (quoting *Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 432 (D. Del. 1999)); *see also Coyle*, 2011 WL 5828522, at *2, 4 (finding that the defendant waived his right to contest personal jurisdiction by signing an agreement containing a forum selection clause that did not make express reference to jurisdiction).[2]  Because Defendant agreed to the exclusive jurisdiction of courts located in New Jersey pursuant to the Forum Selection Clause, the Court has personal jurisdiction over Defendant. *See Knights Franchise Sys., Inc. v. Patel*, Civ. Action No. 16-1707 (JMV), 2017 WL 5191805, at *3 (D.N.J. Nov. 9, 2017) (finding that the court had personal jurisdiction over the defendants because they consented "to the non-exclusive personal

---

[2] The Court does not find persuasive the single California state court case that Defendant cites in support of its argument that consenting to forum does not entail consenting to personal jurisdiction. *See* Reply at 4 (citing *Glob. Packaging, Inc. v. Superior Ct.*, 196 Cal. App. 4th 1623, 1634 (Cal. 2011)).

6

jurisdiction of and venue in" New Jersey and the court saw "no reason why this freely agreed-upon consent to personal jurisdiction in New Jersey should not be enforced").

Defendant next argues that the Forum Selection Clause is unenforceable because it was procured by fraud. Br. at 20. "To invalidate a forum-selection clause on the basis of fraud, the party challenging the clause must show that the forum selection clause itself was procured through fraud." *Ross Univ. Sch. of Med. v. Amini*, Civ. No. 13-6121, 2014 WL 29032, at *4 (D.N.J. Jan. 2, 2014) (citing *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847 (3d Cir.2003)). Here, Defendant asserts in a conclusory fashion that "the forum selection clause – like the balance of the MSA – was procured by fraud." Br. at 20 n.7. While Defendant alleges that it was fraudulently induced to enter into the MSA as a result of certain representations made by Plaintiff, *see* Br. at 5-6, Defendant fails to provide any support showing that the Forum Selection Clause itself was procured by fraud. Because Defendant "has not presented any facts to suggest that [its] assent to the forum selection clause was the result of fraud," the Court rejects Defendant's argument that the clause is unenforceable on this basis. *Id.*; *see also EverBank Com. Fin., Inc. v. Neighbors Glob. Holdings, LLC*, Civ. No. 17-3356, 2017 WL 5598216, at *2 (D.N.J. Nov. 21, 2017) (rejecting argument that forum selection clause was unenforceable due to fraud because "there lacks evidence showing that [the] [p]laintiff 'obtained [the defendant's] accession to the forum clause by fraud or overreaching'") (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

Defendant further contends that the Forum Selection Clause is unenforceable because enforcement would violate New Jersey's "strong policy against piecemeal adjudication of controversies." Br. at 21 (internal quotation omitted). New Jersey's "entire controversy doctrine" provides that "whenever possible, the adjudication of a legal controversy should occur in one

litigation in only one court." *Joel v. Morrocco*, 147 N.J. 546, 548 (1997) (internal quotation omitted). However, this doctrine does not bar enforcement of a valid forum selection clause where a party attempts to circumvent the forum selection clause by preemptively filing a separate action in a different venue. *See Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 472 (D.N.J. 1998) (ruling that the defendant could not use the entire controversy doctrine to prevent enforcement of the forum selection clause where defendant chose to file a separate action in a different venue upon learning of the action brought by the plaintiff in New Jersey). Here, Plaintiff's counsel sent Defendant a demand letter stating that it would file a lawsuit in New Jersey if payment of money allegedly owed to Plaintiff was not received by February 25, 2020. Opp. at 4; D.E. 10-8 at 3. On February 24, 2020, one day before the deadline set forth in Plaintiff's demand letter, Defendant commenced a lawsuit in Mississippi state court despite the Forum Selection Clause in the MSA. Br. at 6; D.E. 7-5. "Having sought to frustrate the goals of the entire controversy doctrine, [D]efendant may not now incant the policy…as a shield to prevent enforcement of the forum-selection clause." *Danka Funding*, 21 F. Supp. 2d at 472.

Furthermore, *Liberty Ins. Corp. v. Bulk Express Logistics, Inc.*, Civ. Action No. 13-5941, 2016 WL 2889543 (D.N.J. May 16, 2016), cited by Defendant, is distinguishable. In *Bulk Express*, "based in part on New Jersey's strong interest in encouraging comprehensive litigation of matters," the court declined to enforce a forum selection clause providing for venue in Texas where the underlying action in the District of New Jersey had been pending for three years, and "[m]ost, if not all, of fact discovery [was] complete." *Id*. at *4. Here, in contrast, the underlying action and the Mississippi action were filed within one day of one another, and the Mississippi action has been stayed since July 2, 2020, before the commencement of any fact discovery. *See Think Anew,*

*LLC v. Externetworks, Inc.*, No. 20-cv-172 (S.D. Miss.) at D.E. 12.  Accordingly, permitting the present action to proceed would not "result in piecemeal litigation and the wasting of judicial resources," as was the case in *Bulk Express*.  2016 WL 2889543, at *4.  Enforcement of the Forum Selection Clause here does not contravene New Jersey's policy interest in avoiding piecemeal litigation.

Defendant's argument regarding the forum selection clauses in the Business Associate Agreement, Confidentiality and Non-Disclosure Agreement, and Covenant Not to Complete fares no better.  Br. at 23-24.  These three contracts are of no moment in light of the MSA's Merger Clause.  The Merger Clause expressly provides that "[t]here are no understandings, representations or agreements other than those set forth [in the MSA] and in the Service Attachments," Compl. ¶ 3.  *See Skold v. Galderma Lab'ys L.P.*, 917 F.3d 186, 194 (3d Cir. 2019) ("[I]ntegration clauses are meant to act as conclusive evidence that the parties intended to supersede any prior contract on the same subject matter") (internal quotation omitted).  Plaintiff is suing under the MSA, not the earlier agreements.

Because Defendant is subject to personal jurisdiction pursuant to the Forum Selection Clause, the Court does not reach a specific personal jurisdiction analysis.  *See Infinity Staffing Sols., LLC v. Greenlee*, Civ. No. 18-12626, 2019 WL 1233554, at *6 (D.N.J. Mar. 18, 2019) (noting that the court "need not reach whether there is specific jurisdiction absent the forum selection clause" where it found that the defendant was "subject to personal jurisdiction based on a forum selection clause").

### B. Transfer of Venue

Defendant argues in the alternative that the Court should "pursuant to Fed. R. Civ. P. 12(b)(3) [ ] dismiss the Complaint, transfer venue, or stay this matter, based on improper venue."

D.E. 7 at 1. In support of this argument, Defendant points to the "first-to-file rule" as well as the factors considered in a 28 U.S.C. § 1404(a) analysis. Br. at 10-19.

### 1. First-to-File Rule

The first-to-file rule provides that "'[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" *Wheaton Indus., Inc. v. Aalto Sci., Ltd.*, Civ. No. 12-6965, 2013 WL 4500321, at *2 (D.N.J. Aug. 21, 2013) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). "This rule 'encourages sound judicial administration and promotes comity among federal courts of equal rank.'" *Id.* (quoting *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971-72 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990)). "The first-to-file rule applies where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other." *Id.* (internal quotation omitted). However, courts have departed from the first-to-file rule when there is bad faith or forum shopping, when "the second-filed action ha[s] developed further than the initial suit," and when "the first-filing party initiated suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *E.E.O.C.*, 850 F.2d at 976.

Here, it is undisputed that Defendant filed an action in Mississippi state court prior to Plaintiff's commencement of the present action. *See* Br. at 6; Opp. at 4-5. Additionally, the Mississippi action involves essentially the same matter as that in the underlying action. D.E. 1 at 16. However, Plaintiff argues that the first-to-file rule is inapplicable due to the MSA's Forum Selection Clause and Defendant's conduct in filing the first action. Opp. at 18-20. The Court agrees.

The Court finds instructive *Chemetall U.S. Inc. v. Laflamme*, Civ. Action No. 16-780, 2016 WL 1162751 (D.N.J. Mar. 24, 2016). There, the defendant was bound by a forum selection clause

providing for venue in New Jersey, where the second action was filed. *Id*. at *3. Additionally, the plaintiff provided the defendant with written notice that it would take legal action if the defendant did not provide certain assurances by February 17, 2016; before that date and without notice to the plaintiff, the defendant commenced the first-filed action in Indiana. *Id.* at *4. The *Chemetall* court found that the first-to-file rule was inapplicable because of the forum selection clause and because the defendant's "rush to file in Indiana was driven by forum shopping." *Id.* Here, similarly, the MSA's Forum Selection Clause provides for exclusive jurisdiction and venue in New Jersey and weighs against application of the first-to-file rule. *See Samuels v. Medytox Solutions, Inc.*, Civ. Action No. 13-7212, 2014 WL 4441943, at *10 (D.N.J. Sept. 8, 2014) ("[T]he presence of a single forum selection clause will almost always render the first-to-file rule inapplicable…to prevent a plaintiff from taking advantage of the first-to-file rule by first filing a lawsuit in a forum that the forum selection clause does not permit."). Additionally, the timing of Defendant's Mississippi filing, just one day before Plaintiff's demand letter deadline, strongly suggests that Defendant initiated suit in Mississippi—Defendant's home forum—in anticipation of Plaintiff's imminent suit in New Jersey. In light of these circumstances, the Court finds that the first-to-file rule, which is "grounded on equitable principles," is inapplicable. *E.E.O.C.*, 850 F.2d at 977; *see also id.* at 977-78 (finding that the first-to-file rule did not apply where the plaintiff threatened to institute a proceeding within 20 days and the defendant filed suit in a different forum three days before the expiration of this grace period because "[t]he timing of the [defendant's] filing…indicate[d] an attempt to preempt [the second-filed suit]").[3]

---

[3] Moreover, the Mississippi action has been stayed since July 2, 2020. *See Think Anew, LLC v. Externetworks, Inc.*, No. 20-cv-172 (S.D. Miss.) at D.E. 12. While the present litigation has not developed in any significant manner, neither has the case in Mississippi. As such, this factor does not weigh in favor of applying the first-to-file rule.

2. **Section 1404(a) Factors**

Having found that the first-to-file rule does not apply, the Court next analyzes whether transfer is appropriate pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When conducting a traditional Section 1404(a) analysis, a court weighs multiple private and public interest factors. *MaxLite, Inc. v. ATG Elecs, Inc.*, 193 F. Supp. 3d 371, 392 (D.N.J. 2016). Moreover, a plaintiff's choice of forum, a private interest factor, "should rarely be disturbed." *Id.* at 393 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

However, where there is a valid forum selection clause, the traditional Section 1404(a) analysis is inapplicable because the forum selection clause "should be given controlling weight in all but the most exceptional cases[.]" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 51 (2013). The court should not consider the private interest factors, and "[i]nstead, 'a district court may consider arguments about the public-interest factors only.'" *Id.* (quoting *Atl. Marine*, 571 U.S. at 64).[4] The public interest factors include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.*, 55 F.3d

---

[4] Additionally, in the face of a forum selection clause, a plaintiff's choice of forum merits no weight. *In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). However, this factor is inapplicable here, as Plaintiff's choice of forum aligns with the venue provided for in the Forum Selection Clause.

873, 879-90 (3d Cir. 1995). "The § 1404(a) movant bears the burden of persuasion." *In re McGraw-Hill*, 909 F.3d at 57. Critically, "forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Here, because the MSA contains a valid forum selection clause, the Court analyzes only the public interest factors. The first factor is neutral: judgement in this District can be easily enforced in the Southern District of Mississippi and vice versa. *See SI Power LLC v. Pathway Holdings Mgmt. V, LLC*, No. 15-6101, 2016 WL 7130920, at *9 (D.N.J. Dec. 7, 2016). The second factor is also neutral: Plaintiff is a New Jersey corporation while Defendant is a Mississippi corporation, Compl. ¶¶ 1-2, and the services that the parties contracted for were provided in Wisconsin, Br. at 6; D.E. 10-1 at ¶ 4. The third factor weighs in favor of transferring venue, as the District of New Jersey is more congested than the Southern District of Mississippi. See Opp. at 23. Nevertheless, the District of New Jersey has been addressing its backlog of judicial vacancies. In any event, this factor should not be given substantial weight. *See Eastman v. First Data Corp.*, Civ. Action No. 10-4860, 2011 WL 1327707, at *5 (D.N.J. Apr. 5, 2011) ("Furthermore, relative congestion of the respective courts' dockets is not a factor of great importance on a motion to transfer." (internal quotation omitted)); *EverBank*, 2017 WL 5598216, at *3 (finding that the defendant's proposed change of venue to a "less court-congested district merely represents a shifting…[to] having a different court oversee the action"). The fourth factor weighs against transfer because New Jersey "has an interest in trying allegations that a local company has been the victim of a breach of contract." *Park Inn*, 105 F. Supp. at 378. The fifth factor likewise weighs against transfer because New Jersey public policy favors enforcing contractual provisions, including forum selection clauses. *See McMahon v. City of Newark*, 951 A.2d 185, 196-97 (N.J. 2008) (setting forth "maxim that courts cannot make contracts for parties. They can only enforce

the contracts which the parties themselves have made.") (internal quotation omitted).  Finally, the sixth factor weighs against transfer because the MSA is governed by New Jersey law.  Compl. ¶ 3.  Thus, in light of the forum selection clause and the public interest factors, transfer is inappropriate under Section 1404(a).  *See EverBank*, 2017 WL 5598216, at *3 ("In all, this case is of usual circumstance and, with a valid forum selection clause, the lack of overwhelming public factor considerations counsels against transfer.").

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for lack of personal jurisdiction, or in the alternative to dismiss, transfer, or stay the action for improper venue, is **DENIED**.  An appropriate Order accompanies this Opinion.

Dated: December 21, 2021

_____<br>
John Michael Vazquez, U.S.D.J.